IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vincent L. Fields, ) | Case No.: 5:23-cv-4343-JD-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Warden Jansen, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) of the District of South Carolina.[1]  (DE 10.)  Petitioner Vincent L. Fields ("Petitioner" or "Fields"), proceeding *pro se,* filed a Petition for a writ of habeas corpus action under 28 U.S.C. § 2241 against Respondent Warden Jansen ("Respondent" or "Warden Jansen"). Fields is an inmate in the custody of the Federal Correctional Institution, Edgefield, a facility of the Federal Bureau of Prisons ("BOP").  (DE 10, p. 1.)  Fields pleaded guilty to armed robbery and brandishing a firearm during and in relation to a crime of violence on October 17, 2017, in the Western District of Washington, and he was sentenced to a term of 180 months imprisonment. (DE 13.)

Petitioner contends that his Washington State second-degree murder conviction is not a crime of violence under United States v. Vederoff, 914 F.3d 1238 (9th Cir. 2019).  (DE 1, p. 6.) In Vederoff, 914 F.3d at 1248, the Ninth Circuit determined that second-degree murder under

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

Washington law was not a "crime of violence" as defined in section 4B1.2(a)(1) of the United States Sentencing Guidelines. Petitioner, therefore, contends it was unconstitutional for the court to use his murder conviction as a predicate offense to designate him as a career offender. Id. Petitioner argues it was also an unconstitutional error to sentence him as a career offender because his second-degree murder conviction does not match up with the federal generic definition of second-degree murder. Id. at 7. Petitioner also claims the court erred in sentencing him as a career offender because the statute he was convicted under criminalized conduct beyond that covered by the sentencing guidelines. Id. Petitioner claims that regardless of his actual conduct, his second-degree murder conviction is not a crime of violence. Id.

Under established local procedure in this judicial district, the Magistrate Judge conducts a careful review of the pro se petition under the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. 104-132, 110 Stat. 1214, and other habeas corpus statutes. On September 7, 2023, the Magistrate Judge issued the Report (DE 10), recommending summary dismissal of the petition because a prisoner asserting an intervening change in interpretation of a criminal statute may not circumvent the restriction on second or successive § 2255 motions by filing a § 2241 habeas petition.

Fields objects to the Report and again cites United States v. Vederoff as the basis for relief. (DE 20.) Specifically, Fields contends:

> (1) Petitioner Fields is 'actually innocent of being a career offender' on the basis that his second degree murder offense/conviction out of Washington State is not a crime of violence under United States v. Vederoff, 914 F.3d 1238 (9th Cir. 2019); (2) the Vederoff case was neither argued nor decided in 2018. . . the year Petitioner submitted his §2255 motion.

However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including

appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255€; see also Rice, 617 F.3d at 807 (finding court lacked jurisdiction over § 4 2241 petition outside savings clause). The Supreme Court recently issued an opinion in Jones v. Hendrix, 143 S. Ct. 1857 (2023) that addressed when a § 2255 remedy was inadequate or ineffective to test the legality of a prisoner's detention such that a petitioner may bring a § 2241 habeas petition. The Jones Court found that "§ 2255(e)'s saving clause does not permit a prisoner

asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Id. at 864. The Court noted that § 2255(h) limited second or successive § 2255 motions to those that contain newly discovered evidence, or a new rule of constitutional law made retroactive to cases on collateral review. Id. at 1868. Addressing petitions that raised challenges that fall outside of § 2255(h), the Court held "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." Id. at 1869. Therefore, the Court overrules Petitioner's objection.

Accordingly, after thoroughly reviewing the Report and Recommendation and the record, the Court adopts the Report and fully incorporates it here.

It is, therefore, **ORDERED** that Fields's Petition is dismissed without prejudice. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 31, 2023


**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.